THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD P. MAURO et al., <br><br> Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br> Case No. 2:22-cv-00197-DBB <br><br> District Judge David Barlow |

Plaintiff, Ronald Joseph Jones Jr., a Salt Lake County inmate, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2023), proceeding *in forma pauperis*, 28 *id.* § 1915. (ECF Nos. 6, 7.) The Court deemed Plaintiff's Amended Complaint deficient and required him to cure those deficiencies in a second amended complaint. (ECF Nos. 13, 24.)

Plaintiff responded by filing a Second Amended Complaint (SAC), which is now before the Court for screening, under 28 U.S.C.S. § 1915A (2023), which reads in pertinent part:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The Complaint names as defendants Debbie (assistant), Sam Hanseen (attorney), Richard P. Mauro (supervising attorney), and Jason Popoton (attorney), all of Salt Lake Legal Defender office. (ECF No. 26.) Plaintiff alleges (a) Defendant Debbie lied about working on Plaintiff's case and hung up the phone on Plaintiff; (b) Defendants Hanseen and Popoton committed legal

malpractice, when they lied about Plaintiff's case and hung up the phone on Plaintiff; (c)

Defendant Popoton violated Plaintiff's speedy-trial rights; (d) Defendant Mauro is the other

defendants' boss; and (e) Defendants violated Plaintiff's right to be free from cruel and unusual

punishment by causing Plaintiff "mental stress and anguish." (*Id.*) The requested relief is to

"dismiss this case because [the victim] is lying."

Attached to Plaintiff's civil-rights complaint is an unsigned "Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 26-

1.) This addendum states that Plaintiff is being wrongfully held as a pretrial detainee in violation

of the Federal Constitution, because he is "innocent" and "didn't sexually assault . . . the victim,"

who "is lying." (*Id.*)

The Court now dismisses the SAC.

**DISMISSAL ANALYSIS**

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for

failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan.*

*Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency

the Court "presumes all of plaintiff's factual allegations are true and construes them in the light

most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally"

and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at

1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

## I. State Action

Defendants are named based on their roles as Plaintiff's defense counsel and support staff. "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)).

Further, any issues of ineffective assistance of counsel should be addressed within the criminal case itself by filing motions or appeals. And legal malpractice is a state-law claim over which the Court declines to take supplemental jurisdiction. *See Loveridge v. Hall*, 792 F.3d 1274, 1278 (10th Cir. 2015).

## II. Supervisory Liability

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

Based on this standard, Plaintiff has done nothing to affirmatively link Defendant Mauro to a violation of Plaintiff's constitutional rights, but has instead identified Mauro merely as a supervisor. Plaintiff's claim against Mauro cannot survive. Defendant Mauro is thus dismissed as a defendant on this alternative ground as well.

## III. Habeas Relief

The only relief requested by Plaintiff is release from jail based on Plaintiff's innocence and violation of his speedy-trial rights. However, such relief is not available through a federal civil-rights case, but instead through a habeas-corpus action.

Plaintiff admits throughout the pleadings that Plaintiff was a pretrial detainee when filing this action. This means that Plaintiff would not have completed and exhausted the available state criminal process, which is a necessary prerequisite to filing a federal habeas action. *See* 28 U.S.C.S. § 2254 (b) & (c) (2023); *Picard v. Connor*, 404 U.S. 270, 275, 276 (1971) (stating that

before petitioner may seek review in federal court of state proceedings, petitioner must exhaust

all available remedies in highest state court available). Further, this Court would abstain from

ruling on any aspect of a state's ongoing criminal process. *See Oltremari ex rel. McDaniel v.*

*Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (stating abstention analysis

involves questions of, "[f]irst, is there a pending state judicial proceeding; 'second, do the

proceedings implicate important state interests; and third, is there an adequate opportunity in the

state proceedings to raise constitutional challenges'") (quoting *Middlesex County Ethics Comm.*

*v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Thus, any attempt to gain habeas-corpus relief through this civil-rights case would be

invalid, and a separate federal habeas-corpus action would not be a proper vehicle for relief at

this time before Plaintiff has pursued all federal constitutional challenges to Plaintiff's criminal

case through the highest level of the state-court system.[1]

### IV. Cruel and Unusual Punishment

Finally, Plaintiff asserts Defendants violated Plaintiff's right to be free from cruel and

unusual punishment by causing Plaintiff "mental stress and anguish" when they allegedly lied

that they were working on Plaintiff's criminal case, and laughed at and hung up on Plaintiff.

However, federal statute precludes a remedy on this alternative basis for dismissal. *See* 42

U.S.C.S. § 1997e(e) (2023) ("No Federal civil action may be brought by a prisoner confined in a

---

[1] This section is occasioned by Plaintiff's inclusion of a § 2255 motion form together with his Second Amended Complaint, which is brought under § 1983. The court deems the Plaintiff's use of the § 2255 form inadvertent. Plaintiff has handwritten "Second Amended Complaint" on the title of each page of the document. Therefore, the court does not characterize Plaintiff's claim here to include a claim for relief under § 2255 which, as the analysis indicates, would be premature on the record presented.

jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .”).

## ORDER

Based on the above grounds and alternative grounds, **IT IS ORDERED** that Plaintiff's Second Amended Complaint, (ECF No. 26), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2023), for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Three iterations of the complaint, (ECF Nos. 7, 13, 26), and one full round of comprehensive guidance on curing deficiencies, (ECF No. 24), have not resulted in any improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor further opportunity to amend will lead to a different result. To the extent the Second Amended Complaint attempted to state a claim for legal malpractice, the court declines to exercise supplemental jurisdiction over any such claim, dismissing this claim without prejudice.

This action is **CLOSED**.

DATED this 3rd day of August, 2023.

BY THE COURT:

_____

DAVID BARLOW
United States District Judge

6